UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07-CV-52-R

LOUISVILLE/ JEFFERSON COUNTY
METRO GOVERNMENT,                                                    PLAINTIFF

v.

HNTB CORPORATION, et. al.,                                           DEFENDANTS

### OPINION & ORDER

This matter comes before on Defendant HNTB Corporation's ("HNTB") Motion to

Dismiss (Docket #26).  The Plaintiff, Louisville and Jefferson County Metro Government's

("Louisville Metro") has responded (Docket #36).  This matter is now ripe for adjudication.  For

the following reasons, the Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED**

**in part**.

### BACKGROUND

HNTB was under contract with Louisville Metro for the design, development, and

administration of the Louisville Slugger Field ("Slugger Field") located in downtown Louisville.

HNTB and Louisville Metro entered into a contract for the design of the stadium in November

1997.  Included in this contract was the oversight of the playing field lighting system at Slugger

Field.  Louisville Metro alleges that HNTB failed to meet the specifications of the National

Association of Professional Baseball Leagues ("NAPBL"), which the Plaintiff argues were a part

of the November 1997 contract.  Louisville Metro contends that it will incur undue expenses in

order to meet the standards set out by NAPBL because of the failure HNTB to fulfill its

obligations of the contract.  In addition, in its amended complaint, Louisville Metro asserts that

General Electric Lighting Systems ("General Electric") acted as an agent of HNTB in designing

the lighting system, and therefore, HNTB should be liable for any liability on behalf of General Electric.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

HNTB contends Louisville Metro's claim against it fails because the Plaintiff brought the claim after the expiration of the statute of limitations. Citing KRS § 413.245 as the governing authority, the Defendant contends that Louisville Metro had one (1) year to bring its claim against HNTB "when the cause of action was, or reasonably should have been, discovered by the party injured." KRS § 413.245 states:

2

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

In addition, HNTB notes that the contract between Louisville Metro and HNTB provides, in pertinent part:

> 9.3 Causes of action between the parties to this Agreement pertaining to acts of failures to act shall be deemed to have accrued and the applicable statute of limitations shall commence to run not later than either the date of Substantial Completion for acts of failures to act occurring prior to Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion.

HNTB contends that this contract provision, and/or KRS § 413.245, should be read to preclude the claim by Louisville Metro against HNTB because the statute of limitations has expired. HNTB argues that because Slugger Field opened on April 12, 2000, Louisville Metro had until April 12, 2001, to file its claim against HNTB.

In its response, the Plaintiff contends that although the first baseball game was played at Slugger Field on April 12, 2000, Louisville Metro asserts that it never accepted the playing field lighting system at Slugger Field, and it advised HNTB that it did not accept the lighting system because it did not meet NAPBL standards. As such, Louisville Metro argues that because the lighting system did not meet NAPBL standards, Slugger Field has not been substantially completed under the terms of the contract.

Louisville Metro further argues that HNTB waived the statute of limitations by participating in a mediation with Louisville Metro and Co-Defendant Barton Marlow Turner ("BMT") on June 1, 2001, and June 21, 2001, after the alleged April 12, 2001 deadline. The

3

Plaintiff notes that parties at the mediation executed a Release and Settlement Agreement ("Release") regarding claims made by BMT for damages arising from the design and construction of Slugger Field.  However, the Release had some exclusions, including: "[c]laims arising out of any deficiencies in the foot-candle level for lighting on the playing field."  In addition, the Plaintiff points out that HNTB worked continuously with Louisville Metro since August 2000 to cure the lighting system deficiencies, and therefore, the relationship between the parties did not end until Louisville Metro filed the claim.  The Plaintiff argues that under the continuous representation rule, as set out by the Kentucky Supreme Court in *Alagia, Day, Trautwein & Smith v. Broadbent*, 882 S.W.2d 121, 125 (Ky. 1994), the statute of limitations did not begin to run until the relationship between HNTB and Louisville Metro ended, which was when Louisville Metro filed this suit.  Therefore, Louisville Metro claims that the statute of limitations cannot bar the instant litigation.  In the alternative, the Plaintiff submits that there has yet to have been an "occurrence" in this matter because the damages are speculative, and thus the statute of limitations has not began to run at this time.

The Court must first determine when, under the terms of the contract, substantial completion of the contract occurred.  Then, the Court must decide whether and/or when the statute of limitations, under KRS § 413.245, began to run in this matter, and if so, whether or not it bars the instant litigation.  The Court must also address whether the Defendant waived the statute of limitations by its continued work and mediation with Louisville Metro, and whether there has been an occurrence in this matter.  Lastly, the Court must address the claim asserted by the Plaintiff in its first amended complaint concerning the agency relationship between General Electric and HNTB.  The Court shall address the statute of limitations and agency relationship

4

issues separately.

## 1. Statute of Limitation under KRS § 413.245

The Defendant asserts that under Section 9.3 of the Contract Agreement between Louisville Metro and HNTB, substantial completion of the project occurred no later than April 12, 2000. Section 9.3 states, in pertinent part: "Causes of action between the parties to this Agreement pertaining to acts of failures to act shall be deemed to have accrued and the applicable statute of limitations shall commence to run not later than either the date of Substantial Completion for acts of failures to act occurring prior to Substantial Completion." The standard agreement form between "Owner and Architect," ¶9.8.1 of AIA Document A201, defines substantial completion as "the stage in the progress of the Work when the Work or designated portion thereof is sufficiently complete in accordance with the Contract Documents so that the owner can occupy or utilize the Work for its intended use."

The Defendant asserts that because the one-year statute of limitations of § 413.245 governs the contract between the parties and that substantial completion of the project occurred no later than April 12, 2000, the claim against the Defendant is barred under KRS § 413.245.

The Plaintiff contends that because Slugger Field does not comply with NAPBL standards, its intended use a AAA baseball park has not been achieved, and therefore, Slugger Field is not substantially completed under Section 9.3. However, since April 12, 2000, Slugger Field has been open and the Louisville "Bats" continue to play AAA baseball games at the ballpark without complications due to the lighting system. This demonstrates that the ballpark is sufficiently complete under the terms of the contract because Louisville Metro can "occupy" or "utilize" the ballpark for its intended use, which is to host AAA baseball games. Accordingly,

the Court finds that substantial completion of Slugger Field occurred on April 12, 2000.

The parties do not dispute that KRS § 413.245 governs this specific claim.  Under the statute, claims must be brought within one-year "from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured." In support of its argument the Defendant cites the Kentucky Court of Appeals case of *Old Mason's Home of Kentucky, Inc. v. Mitchell*, 892 S.W.2d 304, 307 (Ky. Ct. App. 1995).

In *Mitchell*, the Court of Appeals affirmed the decision of the circuit court that the statute of limitations provision of KRS § 413.245 governed the matter between an architect and his employer, and therefore, the claim filed by the employer more than nine (9) years after substantial completion of the project was precluded. *Id.* at 307.  The contract between the parties stated that:

> 8.2  As between the parties to this Agreement: as to all acts or failures to act by either party to this Agreement, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the relevant Date of Substantial Completion of the Work, and as to any acts or failures to act occurring after the relevant Date of Substantial Completion, not later than the date of issuance of the final Certificate for Payment.

*Id.*  The Court noted that the complaint was filed in August 1991, but that substantial completion and final payment for the project took place in the summer of 1982. *Id.*  Ultimately, the Court held that the suit was barred under KRS § 413.245. *Id.*

In addition, the Court determined that even if the statute of limitations was not triggered at the time of substantial completion and/or final payment took place, it was triggered when the employer discovered the problems that he sought to resolve in the litigation. *Id.* (citing KRS § 413.245).  The Court found that the employer knew of the problems more than one year before he filed the claim against the architect, and therefore, the claim was untimely. *Id.* at 307-08; *see*

6

*also Schultz v. J.D. Cooper*, 134 S.W.3d 618, 619-21 (Ky. Ct. App. 2003)(upholding the decision in *Mitchell* and determining that in a case similar to *Mitchell*, the discovery rule in KRS § 413.245 does not violate public policy).

In the instant matter, similar to *Mitchell*, substantial completion of the ballpark took place more than one (1) year before the claim against HNTB was filed, with substantial completion taking place on April 12, 2000, and the filing of the suit taking place on December 27, 2006.  In a letter addressed to HNTB on November 14, 2005, Louisville Metro acknowledged that it knew of the problems with the lighting system as early as August 18, 2000, when NAPBL tested the lighting at Slugger Field and determined that lighting levels were below specifications.  Here, similar to *Mitchell*, even assuming that the statute of limitations was not triggered upon substantial completion, Louisville Metro should have filed its claim against HNTB no later than August 18, 2001.  Accordingly, the Plaintiff's claim against the Defendant under KRS § 413.245 is untimely, and therefore, barred by the statute of limitations.

The Plaintiff contends that despite substantial completion and/or discovery of the lighting system problems, the Defendant waived the statute of limitations by entering into a mediation agreement with Louisville Metro in June 2001 and continuing to work with Louisville Metro to cure the lighting deficiencies. The Plaintiff argues that under the continuous representation rule, as set out by the Kentucky Supreme Court in *Alagia, Day, Trautwein & Smith v. Broadbent*, 882 S.W.2d 121, 125 (Ky. 1994), the statute of limitations did not begin to run until the relationship between HNTB and Louisville Metro ended, which was when Louisville Metro filed this suit. Therefore, Louisville Metro claims that the statute of limitations cannot bar the instant litigation.

In *Broadbent*, the Kentucky Supreme Court, in addressing the continuous representation

7

rule in regards to the *attorney-client relationship*, held:

> that *by virtue of the attorney-client relationship*, there can be no effective discovery of the negligence so long as the relationship prevails. This recognizes the attorney's superior knowledge of the law and the dependence of the client, and protects the client from an unscrupulous attorney. We believe it to reflect the intent of the General Assembly with its enactment of the discovery rule.

*Broadbent* at 125 (emphasis added); *see also Harrison v. Valentini*, 184 S.W.3d 521, 524-25 (Ky. 2005)(in applying *Broadbent* to a medical malpractice claim, the Court held that the patient filed a timely claim when suit was brought more than three (3) years after the patient's surgery, but within one (1) year of her last appointment with the physician, because one who possesses no medical knowledge should not be responsible for discovering an injury based on a wrongful act of a physician).

In the instant matter, in contrast to both *Broadbent* and *Harrison*, Louisville Metro was well aware of the problems with the lighting system well before the suit was filed.  In addition, while *Broadbent* and *Harrison* addressed claims in which the parties could not have discovered the negligence of the professional right after the malpractice took place, here, Louisville Metro discovered the problem in August 2000, soon after the alleged professional negligence.  Contrary to the argument asserted by Louisville Metro, *Broadbent* and *Harrison* did not hold that so long as a working relationship exists between a party and a professional agent than the statute of limitations does not begin to run.  In both of those matters, the Kentucky Supreme Court determined that because of nature of the relationship between the parties as well as the fact that the relationship continued well after the alleged negligence took place, the party who retained the services of the professional could not have been expected to discover the injury while the relationship existed.  Here, Louisville Metro discovered the problem with the lighting system in

August 2000, yet it did not file a claim against HNTB until December 2006.  Accordingly, statute of limitations began to run prior to the time Louisville Metro filed its claim against HNTB.

In looking at the argument asserted by the Plaintiff that the mediation waived the statute of limitations because it reserved Louisville Metro's lighting system claim against HNTB and the Release was signed on June 21, 2001, the Court finds that the Plaintiff's claim would still be barred by the statute of limitations.  Even assuming that the statute of limitations was waived on June 21, 2001, the Plaintiff knew of the problem with the lighting system before that date, and it should have brought suit against HNTB within one (1) year of the mediation, which would have been June 21, 2002.  However, the claim was not brought until December 2006, more than four (4) years after that date.  Therefore, the Court finds that the mediation between the parties does not preclude the statute of limitations argument asserted by the Defendant.

Lastly, the Court finds that the Plaintiff's argument that no "occurrence" has taken place in this matter, and therefore, the statute of limitations has not begun to run, is without merit.  The November 14, 2005 letter from the Plaintiff to the Defendant demonstrates that Louisville Metro was well aware of a problem with the lighting system as early as August 2000.  In its complaint, the Plaintiff contends that the Defendant committed professional negligence against Louisville Metro by not installing the lighting system to meet NAPBL standards.  To now argue that the statute of limitations has not begun run because the Plaintiff does not know the cause and/or does not know the amount of damages goes against the very nature of the suit brought by the Plaintiff against the Defendant.  Accordingly, the Court finds that Plaintiff's argument that no occurrence has taken place is without merit.

9

For the foregoing reasons, the Court finds that the one (1) year statute of limitations under KRS § 413.245 precludes the professional negligence claim against the Defendant.

### 2. Agency Relationship Between General Electric and HNTB

In Louisville Metro's First Amended Complaint, it asserts that General Electric acted as an agent of HNTB in designing and providing specifications for the field lighting system at Slugger Field.  In its Motion to Dismiss, the Defendant contends that General Electric designed the lighting system as a supplier under a contract with other entities, not HNTB.  In its response, the Plaintiff has not addressed this issue directly, but has only stated that its claim against HNTB through its agency relationship with General Electric is not governed by KRS § 413.245, and therefore, dismissal of this claim would be premature.

At this juncture, the Court cannot state as a matter of law whether or not an agency relationship exists between HNTB and General Electric.  These facts will become more apparent after discovery takes place.  Accordingly, at this time, the vicarious liability claim against HNTB shall go forward.

### CONCLUSION

**IT IS SO ORDERED:**

The Defendant's Motion to Dismiss (Docket #26) is **GRANTED in part** and **DENIED in part**.  The Plaintiff's claim against the Defendant under KRS § 413.245 is barred by the one (1) year statute of limitations.  However, the Plaintiff's claim against the Defendant for vicarious liability under an alleged agency relationship between HNTB and General Electric shall go forward at this time.